Dear Mr. Denton:
Reference is made to your recent request for an opinion of this office regarding the propriety of the reimbursement by the Department of Transportation and Development ("DOTD") of attorney fees incurred by four employees (the "Employees") of DOTD in connection with formal charges filed against them with the Civil Service Commission. The charges were filed by a fellow employee and by the Department of Civil Service. You have advised that the charges brought by the Department of Civil Service were withdrawn and that the Commission dismissed all charges brought against the Employees by their fellow employee. The Employees have now requested reimbursement by DOTD of the attorney fees they incurred in defending the charges.
LSA-R.S. 13:5108.2 provides for the indemnification of state officers and employees for financial loss arising out of "any claim, demand, suit or judgment in any court" where the officer or employee was "acting in the discharge of his duties and within the scope of his office, employment . . ." In accordance with LSA-R.S. 13:5108.3, the legal fees of such officers or employees, incurred in the defense of criminal matters, can be paid from public funds if the officer or employee is acquitted or the proceedings are dismissed, and the payment is authorized by a specific act of the legislature. These provisions of law do not, however, specifically address the reimbursement of legal fees incurred by state officers or employees in connection with proceedings before the Civil Service Commission.
Nevertheless, this office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the allegations arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expense that result from the defense against such charges. Atty. Gen. Op. Nos. 94-384, 93-376, 91-474, 89-110. We have also opined that if a public official or employee is exonerated of all allegations under investigation by the Ethics Commission, then the public entity which employs that individual may reimburse its employee for legal expenses incurred in connection with the investigation. Atty. Gen. Op. Nos. 95-242, 94-369 and 95-369A.
Although the scenario you present involves proceedings before the Civil Service Commission, the same reasoning that was employed in the cited opinions should be applied herein.
Applying that reasoning, it is the opinion of this office that DOTD would not be prohibited from reimbursing the Employees for legal expenses incurred in connection with proceedings conducted by the Civil Service Commission. Our opinion in this regard is based upon your advice that all allegations against the Employees have been either withdrawn or dismissed and that there can be no further appeal of the Commission's decision.
You have indicated that if our opinion favors reimbursement to the Employees, that the attorney fees will be carefully reviewed. However, out of an abundance of caution, we are compelled to advise you that if you do decide to reimburse the Employees you must determine: (1) that the hourly rate charged by their counsel was reasonable (enclosed is a copy of the Attorney General's Maximum Hourly Fee Schedule which may assist you in making that determination), (2) that the number of hours spent by counsel were reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary.
Trusting the foregoing to be of assistance, we remain,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv